317 F.2d 658
 AMERICAN DIETAIDS CO., Inc., Plaintiff-Appellant,
v.
Anthony J. CELEBREZZE, Secretary of the United States Department of Health, Education and Welfare, Edward Warner and Carl E. Lorentzson, Defendants-Appellees.
 No. 28130.
 United States Court of Appeals Second Circuit.
 Argued May 1, 1963.
 Decided May 17, 1963.
 
 Milton A. Bass of Bass & Friend, New York City, for plaintiff-appellant.
 Anthony J. D'Auria, Asst. U. S. Atty., Southern District of New York (Robert M. Morgenthau, U. S. Atty., and David R. Hyde, Asst. U. S. Atty., on the brief), for defendants-appellees.
 Before CLARK, SMITH and HAYS, Circuit Judges.
 J. JOSEPH SMITH, Circuit Judge.
 
 
 1
 Appellees Warner and Lorentzson, inspectors of the Food and Drug Administration of the United States Department of Health, Education and Welfare, pursuant to department policy, on August 9, 1962, carried with them a concealed tape recorder while inspecting under authority of § 704(a) of the Federal Drug and Cosmetic Act, 21 U.S.C. § 374(a)[1] the premises of plaintiff, a manufacturer of special purpose foods and allied products.
 
 
 2
 Due to a malfunction of the recorder, plaintiff's representatives discovered its use and demanded that the tapes be surrendered, which was refused. Thereupon this action was commenced in the Southern District of New York against the Secretary of Health, Education and Welfare and the two inspectors, seeking a declaration that the acts of the inspectors were violative of the provisions of § 704(a) and of the Fourth Amendment's prohibition of illegal search and seizure, and seeking surrender of the tapes and injunction against "such acts". On defendants' motion, the Court, Archie O. Dawson, Judge, granted summary judgment dismissing the complaint. We hold that this action will not lie on the facts here established, and affirm the judgment.
 
 
 3
 Even though the government concedes that such use of recorders is in accord with department practice, there is no showing of any intention or threat again so to inspect plaintiff's premises. There is no ground in such a single past incident for declaratory relief against possible future inspections. There is no actual controversy now existing on which to found declaratory relief. Borchard, Declaratory Judgments (2d Ed. 1941), pp. 81-86. Public Service Commissioner of Utah v. Wycoff Co., 344 U.S. 237, 73 S.Ct. 236, 97 L.Ed. 291 (1952); Eccles v. People's Bank of Lakewood Village, Cal., 333 U.S. 426, 431, 68 S.Ct. 641, 644, 92 L.Ed. 784, "Especially where governmental action is involved, courts should not intervene unless the need for equitable relief is clear, not remote or speculative." Here we are not shown what use of the tapes, if any, may be intended. If a civil or criminal action should be brought and if claimed improper use of the tapes is then attempted, motion to discover or suppress the tapes may be appropriate. On Lee v. United States, 343 U.S. 747, 756, 72 S.Ct. 967, 96 L.Ed. 1270 (1952). The courts are reluctant to decide important constitutional questions at a stage of proceedings when the necessity of their resolution has not been established. Poe v. Ullman, 367 U.S. 497, 81 S.Ct. 1752, 6 L.Ed.2d 989 (1961). Declaratory and injunctive relief were properly denied.
 
 
 4
 Nor do we reach the merits of the claim to possession of the tapes, upon whatever theory plaintiff may contend for such a right, for this is plainly an action against the sovereign, to which it has not consented. The tapes were recorded and retained by agents of the Secretary of Health, Education and Welfare in carrying out inspections authorized by the statute and pursuant to department policy. This is not an action to recover damages from defendants personally because of their personal actions. It seeks in this phase recovery of specific government property so that while nominally against the individuals it is in substance against the government over which the court, in the absence of consent, has no jurisdiction. Larson v. Domestic & Foreign Corp., 337 U.S. 682, 688, 69 S.Ct. 1457, 93 L.Ed. 1628 (1949). Dugan v. Rank, 372 U.S. 609, 83 S.Ct. 999, 10 L.Ed. 15.
 
 
 5
 The judgment dismissing the complaint is affirmed.
 
 
 
 Notes:
 
 
 [1]
 "§ 374. Factory inspection — Right of agents to enter premises; notice; promptness
 "(a) For purposes of enforcement of this chapter, officers or employees duly designated by the Secretary, upon presenting appropriate credentials and a written notice to the owner, operator, or agent in charge, are authorized (1) to enter, at reasonable times, any factory, warehouse, or establishment in which food, drugs, devices, or cosmetics are manufactured, processed, packed, or held, for introduction into interstate commerce or are held after such introduction, or to enter any vehicle being used to transport or hold such food, drugs, devices, or cosmetics in interstate commerce; and (2) to inspect, at reasonable times and within reasonable limits and in a reasonable manner, such factory, warehouse, establishment, or vehicle and all pertinent equipment, finished and unfinished materials, containers, and labeling therein. A separate notice shall be given for each such inspection, but a notice shall not be required for each entry made during the period covered by the inspection. Each such inspection shall be commenced and completed with reasonable promptness."